```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
_____
                                    )
JENNIFER GRAY,                      )
                                    )
          Plaintiff,                )
                                    )
     v.                             )    Civ. Action No. 09-1310 (EGS)
                                    )
UNITED STATES ARMY CRIMINAL         )
INVESTIGATION COMMAND, et al.       )
                                    )
          Defendants.               )
_____ )
```

## MEMORANDUM OPINION

Pending before the Court in this Freedom of Information Act case is defendants' motion for summary judgment. Upon consideration of the motion, the response and reply thereto, the applicable law, the entire record, and for the reasons set forth below, the defendants' motion for summary judgment is **DENIED**. The Court orders defendants to supplement their responses to plaintiff's request as described below.

## I. BACKGROUND

According to the allegations of the Complaint, plaintiff was briefly employed by the U.S. Army as the Public Affairs Officer for the Arlington National Cemetery ("ANC"). While plaintiff was employed there, one or more of her supervisors accessed her e-mail account without her consent. After plaintiff was terminated, she filed a formal complaint on October 14, 2008 with the U.S. Army Criminal Investigation Command ("CID") regarding the unauthorized access to her e-mail account. Am. Compl. ¶ 12.

The CID investigation concluded that an unknown person committed the offense of Unauthorized Access to a U.S. Government Computer and Wire Fraud when he/she accessed plaintiff's ANC e-mail account and sent a reply from her e-mail account purporting to be from plaintiff. Pl.'s Opp'n Ex. 1. In addition, the investigation concluded that one particular supervisor (Thurman Higginbotham, the Assistant Superintendant of ANC) made false and misleading statements to federal agents. Pl.'s Opp'n Ex. 1.

Beginning in May of 2009, plaintiff made three FOIA requests in an attempt to gather additional information regarding the CID investigation. These requests were each denied in its entirety on the basis of the exemption contained in 5 U.S.C. § 552(b)(7)(A) ("Exemption 7(A)"); the exemption contained in 5 U.S.C. § 552(b)(7)(C) ("Exemption 7(C)"); and the exemption contained in 5 U.S.C. § 552(b)(6) ("Exemption 6").

Plaintiff filed suit in this Court on July 15, 2009 seeking an order directing defendants to disclose the requested records in their entirety and make electronic copies promptly available to her, as well as reasonable costs and attorneys' fees. In addition she asks that the Court make a written finding pursuant to § 552(a)(4)(F) that "the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously with respect to the withholding," and that the Court "refer this matter to the Office of the Special

Counsel for a proceeding to determine whether disciplinary action is warranted against the appropriate officer or employee who was primarily responsible for the withholding." Am. Compl. at 11. On November 24, 2009, defendants filed their motion for summary judgment, relying on the same exemptions identified in their earlier response to plaintiff's request. The motion is now ripe for review by the Court.

**II. STANDARD OF REVIEW**

The Court may grant a motion for summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits or declarations, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Factual assertions in the moving party's affidavits or declarations may be accepted as true unless the opposing party submits his own affidavits or declarations or documentary evidence to the contrary. *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992).

In a FOIA case, the Court may grant summary judgment based on the information provided by the agency in affidavits or declarations when the affidavits or declarations describe "the documents and the justifications for nondisclosure with

reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see also SafeCard Services, Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (agency affidavits must be "relatively detailed and non-conclusory"). Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Services, Inc.*, 926 F.2d at 1200 (D.C. Cir. 1991) (quoting *Ground Saucer Watch, Inc. v. Central Intelligence Agency*, 692 F.2d 770, 771 (D.C. Cir. 1981)).

## III. ANALYSIS

For the reasons discussed more fully below, the Court concludes that the affidavits submitted by defendants fail to provide adequate support for any of the claimed exemptions, and therefore fail to support their motion for summary judgment. Accordingly, defendants' motion for summary judgment is **DENIED**.

### A. FOIA

Congress enacted FOIA to "open up the workings of government to public scrutiny through the disclosure of government records." *Stern v. FBI*, 737 F.2d 84, 88 (D.C. Cir. 1984)(quotation omitted). Although FOIA is aimed toward "open[ness] . . . of

government," *id.*, Congress acknowledged that "legitimate governmental and private interests could be harmed by release of certain types of information." *Critical Mass Energy Project v. Nuclear Regulatory Comm'n*, 975 F.2d 871, 872 (D.C. Cir. 1992) (citations and quotations omitted). As such, pursuant to FOIA's nine exemptions, an agency may withhold requested information. 5 U.S.C. § 552(a)(4)(B); 5 U.S.C. § 552(b)(1)-(9). However, "[b]ecause FOIA establishes a strong presumption in favor of disclosure, requested material must be disclosed unless it falls squarely within one of the nine exemptions carved out in the Act." *Burka v. U.S. Dep't of Health and Human Servs.*, 87 F.3d 508, 515 (D.C. Cir. 1996) (citations omitted).

**B.   Exemption 7(A)**

In their motion for summary judgment, defendants primarily rely on Exemption 7(A) as the basis for withholding the requested materials. Exemption 7(A) permits an agency to withhold "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A). In analyzing whether documents were properly withheld under Exemption 7(A), the courts of this Circuit have held that "an agency must show that they were compiled for law enforcement purposes and that their disclosure (1) could reasonably be expected to interfere

5

with (2) enforcement proceedings that are (3) pending or reasonably anticipated." *Mapother v. Dep't of Justice*, 3 F.3d 1533, 1540 (D.C. Cir. 1993); *see also Kay v. FCC*, 976 F. Supp. 23, 37 (D.D.C. 1997) ("The applicability of Exemption 7(A) involves a two-step analysis: (1) whether a law enforcement proceeding is pending or prospective; and (2) whether release of information about it could reasonably be expected to cause some articulable harm.")

Plaintiff opposes the application of Exemption 7(A), arguing that an allegedly pending administrative disciplinary action is not a law enforcement proceeding within the meaning of the exemption, that defendants have failed to show that the administrative disciplinary action is in fact pending, and that defendants have failed to demonstrate that the disclosure of these records would interfere with any enforcement proceeding.

As is explained below, the Court concludes that although defendants have adequately demonstrated that there is a pending administrative proceeding and that such a proceeding does qualify as a law enforcement proceeding within the meaning of Exemption 7(A), the defendants have failed to provide sufficient support for their assertion that the release of the requested records would interfere with a pending proceeding. Each argument is discussed in turn.

### i. The Application of Exemption 7(A) to an Administrative Disciplinary Proceeding

Plaintiff contests the applicability of Exemption 7(A) on the grounds that defendants have, at most, alleged a "pending administrative and/or disciplinary action," rather than a pending law enforcement proceeding. Pl.'s Opp'n at 9. Plaintiff concedes that she "does not dispute that the record(s) in question, to the degree they have thus far been identified, were initially created for a law enforcement purpose and therefore are potentially subject to Exemption 7 protection." Pl.'s Opp'n at 8 n.3. However, with respect to Exemption 7(A) in particular, plaintiff accuses defendants of "trying to bootstrap the existence of an alleged 'administrative and/or disciplinary action' into the gambit of a law enforcement proceeding." Pl.'s Opp'n at 9.

The Court disagrees and concludes that records compiled for a pending administrative disciplinary action may fall within Exemption 7(A). As plaintiff herself notes, courts have applied Exemption 7(A) to various types of proceedings. *See Tax Analysts v. IRS*, 294 F.3d 71 (D.C. Cir. 2002) ("'law enforcement purposes' under Exemption 7 includes both civil and criminal matters within its scope. . . . FOIA makes no distinction between agencies whose principal function is criminal law enforcement and agencies with both law enforcement and administrative functions.") (citing *Pratt v. Webster*, 673 F.2d 408, 416 (D.C. Cir. 1982)); *Rural*

7

*Housing Alliance v. U.S. Dep't of Agriculture*, 498 F.2d 73, 81 (D.C. Cir. 1974) ("the law enforcement purposes protected by exemption 7 include both civil and criminal purposes"); *Judicial Watch, Inc. v. Rossotti*, 285 F. Supp. 2d 17, 30 (D.D.C. 2003) ("The documents in question relate to an on-going civil investigation by IRS and are exempt under Exemption 7(A).") Nor, contrary to plaintiff's assertions, will this Court be the first District Court to conclude that Exemption 7(A) applies to a pending administrative disciplinary proceeding. See *Envtl. Prot. Servs. v. EPA*, 364 F. Supp. 2d 575 (N.D. W. Va. 2005) ("[T]he documents withheld by the EPA pursuant to Exemption 7(A) were compiled for law enforcement purposes. . . . The disclosure of these withheld documents would prematurely reveal the EPA's case against the plaintiff in the administrative proceeding that is currently pending.")

Accordingly, the Court finds that defendants have provided sufficient evidence of a law enforcement proceeding within the meaning of Exemption 7(A).

### ii. Whether the Enforcement Proceeding is Pending or Reasonably Anticipated

Plaintiff next argues that the pending disciplinary proceeding asserted by defendants is, at most, hypothetical. Pl.'s Opp'n at 10. In particular, plaintiff claims that the investigation into the unauthorized access of her email is over and the U.S. Attorney's Office has already declined to prosecute.

8

In support of her claims, she points to a two-page document titled "CID Report of Investigation." Pl.'s Opp'n Ex. 1. The document provides a brief "investigative summary" stating that an unknown person did access plaintiff's email account but ultimately concluding with the statement that "Mr. Jay Prabhu, Assistant United States Attorney (AUSA), Eastern District of Virginia, Alexandria, VA, declined prosecution of this investigation." Pl.'s Opp'n Ex. 1.

In support of their contention that a disciplinary action is nonetheless pending, defendants submitted the declaration of William Koon, the "Attorney-Advisor and Labor Counselor for Commander of Joint Force Headquarters - National Capitol Region and the Military District of Washington," who "advises the Commander . . . concerning issues with civilian employees." Declaration of William Koon ("Koon Decl.") ¶ 1. Mr. Koon states that "[t]he Commanding General is awaiting completion of two other investigations into the conduct of some of the same officials at Arlington National Cemetery before making a determination as to whether disciplinary action against the officials is proper." Koon Decl. ¶ 3.

Plaintiff correctly asserts that Exemption 7(A) is only applicable to a law enforcement proceeding that is "pending or reasonably anticipated." *Mapother*, 3 F.3d at 1540. However, the CID Report of Investigation cited by plaintiff merely states that

9

the U.S. Attorney's Office has declined prosecution.  It does not contradict the assertion by Mr. Koon that the U.S. Army is still considering whether to take disciplinary action against the subjects of the investigation.  Koon Decl. ¶ 3.  Although the explanation provided by Mr. Koon is brief, it is "reasonably detailed and non-conclusory."  *SafeCard Services, Inc.*, 926 F.2d at 1200.  The Court concludes that defendants have satisfied their burden of showing that the proceeding is pending or at least reasonably anticipated.

### iii. Whether the Disclosure Would Interfere with the Enforcement Proceeding

An agency invoking Exemption 7(A) must show that the disclosure of the requested materials "could reasonably be expected to interfere with enforcement proceedings."  5 U.S.C. § 552(b)(7)(A).  Here, defendants fail to meet their burden.  This Circuit has held that an agency invoking Exemption 7(A) "must show, by more than [a] conclusory statement, how the particular kinds of investigatory records requested would interfere with a pending enforcement proceeding."  *Campbell v. Dep't of Health and Human Servs.*, 682 F.2d 256, 259 (D.C. Cir. 1982).  Although the agency is not required to submit a "document-by-document" response to plaintiff's FOIA request, the submissions must at least "focus upon categories of records encompassed by [plaintiff's] request."  *Id.* at 265.  In particular, the agency affidavits or declarations "must

10

demonstrate specifically how each document or category of documents, if disclosed, would interfere with the investigation, for example, how revelation of any particular record or record category identified as responsive to [plaintiff's] request would reveal to particular targets actual or potential, the scope, direction, or focus of the [agency's] inquiry." *Id.*; *see also Crooker v. Bureau of Alcohol, Tobacco & Firearms*, 789 F.2d 64, 67 (D.C. Cir. 1986); *Bevis v. Dep't of State*, 801 F.2d 1386, 1389-90 (D.C. Cir. 1986).

In support of their claim that disclosure of the report of investigation would "interfere with enforcement proceedings," defendants rely on the following statements in the declaration of Mr. Koon:

> Releasing the report of investigation prior to a determination concerning administrative and/or disciplinary action would violate the privacy rights of the subjects of the investigation; reveal the scope, direction and limits of the investigation prematurely; reveal the identity of cooperating witnesses and/or informants; reveal physical or testimonial evidence; reveal the strengths and weaknesses in the case and reveal transactions being investigated. This information is key to enforcing any potential disciplinary action.
>
> Releasing the report prior to any potential disciplinary action could result in destruction of evidence or intimidation of witnesses, which would make any disciplinary action more difficult, if not impossible, to take effectively.

Koon Decl. ¶¶ 4-5. However, these conclusory, boilerplate statements, without reference to specific documents or even

11

categories of documents, fail to support the agency's motion for summary judgment on the basis of Exemption 7(A). The statements by Mr. Koon appear designed to cover every scenario in which a plaintiff seeks the disclosure of records related to a law enforcement proceeding. The contention by Mr. Koon that the disclosure of these records would "reveal the identity of cooperating witnesses and/or informants" is particularly telling – the agency has not bothered to determine what harm would result if these particular records were released.

Accordingly, despite the Court's conclusion that the affidavit of Mr. Koon is sufficient to demonstrate that a pending or reasonably anticipated administrative disciplinary proceeding exists, the defendants ultimately fail to provide sufficient support for their invocation of Exemption 7(A).

### iv. Segregable Material

The defendants have also failed to satisfy their burden of demonstrating that there is no reasonably segregable material. An agency claiming an exemption is required to provide "any reasonably segregable portion of a record . . . after deletion of the portions which are exempt[.]" 5 U.S.C. § 552(b); *see also Mead Data Cent., Inc. v. U.S. Dep't of the Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977) ("an agency cannot justify withholding an entire document simply by showing that it contains some exempt material. It has long been a rule in this Circuit that non-exempt

portions of a document must be disclosed unless they are inextricably intertwined with exempt portions.")

An agency asserting that there is no segregable information in a document "must provide a more detailed justification than . . . conclusory statements." *Id.* at 261; *see also Krikorian v. Dep't of State*, 984 F.2d 461, 467 (D.C. Cir. 1993) (holding that the Vaughn index and the affidavits provided by an agency "must supply 'a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply.'") (quoting *Schiller v. NLRB*, 964 F.2d 1205, 1210 (D.C. Cir. 1992)).

Defendants have provided a Vaughn Index containing a list of the withheld documents. Defs.' Mot. Summ. J., Ex. A Declaration of Phillip J. McGuire ("McGuire Decl.") Tab 13. Although the Index provides some identifying information, giving labels to the documents such as "crime scene sketch" or an "agent's investigation report", it contains little else. McGuire Decl. Tab 13. Every single one of the roughly 40 documents in the index is accompanied by a statement that the document is withheld "in its entirety under Exemptions (b)(6); (b)(7)(A) and (b)(7)(C)[.]" McGuire Decl. Tab 13. Defendants argue that "[a]ll records were compiled in the course of an ongoing investigation and disciplinary action. Therefore none of the

materials were segregable."  Defs.' Mem. at 12-13.

Defendants' blanket assertion of non-segregability is contrary to the case law requiring that defendants indicate for each document "which portions of the document are disclosable and which are allegedly exempt."  *Defenders of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 90 (D.D.C. 2009) (quoting *Wilderness Soc'y v. Dep't of Interior*, 344 F. Supp. 2d 1, 19 (D.D.C. 2004).  Accordingly, the Court concludes that defendants have failed to establish that there are no segregable portions of the withheld documents.

> **C.    Whether Exemption 6 or Exemption 7(C) Apply in the Alternative**

Having concluded that defendants failed to provide sufficient evidence for the application of Exemption 7(A), the Court now turns to the two other exemptions relied upon by defendants.  Exemption 6 provides that an agency may withhold "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(6).  Exemption 7(C) also guards the privacy interests of individuals, providing that an agency may withhold "records or information compiled for law enforcement purposes . . . to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(7)(C).

With respect to both Exemptions 6 and 7(C), the Court is unable to evaluate whether either exemption was properly applied in light of defendants' statement in their reply brief that they "did not assert that Exemptions 6 and 7(C) justify withholding the Report of Investigation in its entirety." Defs.' Reply at 6. Defendants have, however, indeed withheld the entire investigatory file. Defendants claim that "once enforcement proceedings are complete, and Exemption 7(A) no longer applies, some information would still be protected under Exemptions 6 and 7(A)." In light of the failure by defendants to sufficiently demonstrate non-segregability, and in light of the defendants' own assertion that it is not relying on these exemptions for the withholding of the entire file, the Court concludes that these exemptions cannot be properly applied at this time.

**IV. CONCLUSION**

For the foregoing reasons, it is hereby ordered that defendants' motion for summary judgment is **DENIED**. An appropriate Order accompanies this Memorandum Opinion.

**SIGNED:  Emmet G. Sullivan**
**         United States District Court Judge**
**         September 30, 2010**